*H. A. Wilkinson, R. R. Jones,* contra.

---

## 17047.  KIMBALL *v.* KIMBALL.

JENKINS, P. J.  1. A defendant can not claim the benefit of an estoppel on account of contentions made by the plaintiff in a former suit, instituted against the same defendant, where it appears that the defendant resisted the previous contentions and in the former suit obtained an adjudication in his favor adversely thereto.

2. "If the defendant, in any of the cases herein named, shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor." Civil Code (1910), § 4378. The fact that the defendant might have owned property within the State during the period of his nonresidence does not operate to prevent the tolling of the statute.

3. The evidence authorized a recovery within the amount accorded by the verdict for principal and interest, there being evidence sufficient to establish the nonresidence of the defendant, such as would bring within the statute of limitations the items for 1912 and 1913 recovered on in a suit filed in August, 1924.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1926.

Complaint; from Walton superior court—Judge Fortson. November 7, 1925.

### STATEMENT OF FACTS BY JENKINS, P. J.

Mrs. Anna C. Kimball sued J. H. Kimball in Walton superior court, alleging substantially that the defendant is a resident of Florida, but at present is in Walton county, Georgia; that he is

---

Estoppel, 21 C. J. p. 1229, n. 70.
Limitation of Actions, 37 C. J. p. 992, n. 89.

indebted to her in the sum of $2,000 for the maintenance and support of his and her two minor sons during their minority, which he failed to provide; that for the last nine years he has resided in Florida; that in 1913 he obtained a total divorce from the plaintiff, but no alimony was awarded to her or their said minor children; that the sum sued for represented board and maintenance for four years at the rate of $500 per year, and that he refuses to pay the same. The plaintiff filed an amendment alleging that one of the minors, Carl Kimball, became of age on January 23, 1910; that John Kimball became of age on November 12, 1914, and that the plaintiff furnished board to him for the years 1910, 1911, 1912, 1913, and ten and a half months in 1914, for which $20 per month was a reasonable charge. The defendant demurred to the petition, on the grounds that no cause of action was set forth, and that the claim was on its face barred by the statute of limitations. The court overruled the demurrer, and the defendant filed exceptions pendente lite, and now assigns error thereon. The trial of the case resulted in a verdict for the plaintiff for $450 principal, and $346.50 interest to the date of the judgment. The defendant's motion for a new trial was overruled, and he excepted. He contended that the court erred in refusing to allow him to introduce the record of a previous suit against him for alimony, filed by the same plaintiff. It appears that the plaintiff had previously filed a suit against him, claiming alimony for her own support and that of their minor children; that in that proceeding the decree of divorce which had been obtained by the husband was attacked by her on the ground of fraud, it being alleged by her that in the divorce proceeding he alleged that she was a nonresident of the State, whereas he knew that she was not a nonresident. It appears that in the alimony action it was adjudicated that she could not thus collaterally attack the divorce decree; and it appearing that at the time of the alimony suit she was not the wife of the defendant, she was denied a right to alimony. The contention of the defendant in the instant case was that the record of the alimony case should have been admitted in evidence, and that the plaintiff's contention in that case as to the invalidity of the divorce was binding upon her, and estopped her from suing as a divorcee. He contended that the court erred in failing to charge, in connection with the charge upon the statute of limitations, that

his nonresidence by removing from this State and residing in another State would not toll the statute of limitations, if it appeared that he had any property within this State upon which an attachment could be levied. There was evidence tending to establish that he resided out of the State of Georgia for a period of eight years between 1910 and 1924.

*R. L. & H. C. Cox,* for plaintiff in error.
*Orrin Roberts,* contra.